MICHAEL S. DEVEREUX, SBN 225240
**WEXFORD LAW**
9171 WILSHIRE BOULEVARD, SUITE 500
BEVERLY HILLS, CALIFORNIA 90210
TELEPHONE: (424) 444-0883

**Attorney for Defendants, JOSE ARVISO**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ARVISO,<br><br>Defendant. | Case No. CR 17-00018-CAS<br><br>**MOTION IN LIMINE TO EXCLUDE LAPD OFFICERS FROM TESTIFYING RE: PROBABLE CAUSE**<br><br>**HON. CHRISTINA SNYDER** |

PLEASE TAKE NOTICE that Jose Arviso ("Mr. Arviso") by and through his counsel of record, Michael Devereux, respectfully moves this Court to exclude potential trial testimony from LAPD officers that Mr. Arviso and other defendants were charged with these counts in the First Superseding Indictment: Count 1) 18 USC § 871; Count 2) 18 USC § 1029(a)(3), 18 USC § 2(a); Count 3) 18 USC § 1029(a)(1), 18 USC § 2(a); Count 4) 18 USC § 1029(a)(4), 18 USC § 2(a); Count 5) 18 USC § 1028A(a)(1), 18 USC § 2(a); Count 6) 18 USC § 1028A(a)(1); Count 7)

1

18 USC § 1708; 18 USC § 2(a); Count 8) 21 USC § 841(a)(1), (b)(1)(A)(viii); Count 9) 18 USC § 922(g)(1).  In addition, Mr. Arviso further seeks to limit Los Angeles Police Department (LAPD) officers' testimony, which is nothing more than hearsay and/or pure speculation, about Mr. Arviso's and other Defendants' activities because the relevant LAPD officers were not percipient witnesses to what other LAPD employees documented in the subject police reports.  This motion is based on Fed. R. Evid.401-403, 801-803 and 602, the Sixth Amendment Confrontation Clause, Defendants' presumption of innocence, and the fact that the hearsay-reliant testimony constitutes impermissible vouching.

## I. ONLY CDCR AGENTS WITNESSED PROBABLE CAUSE

**A. Transportation and Booking Were The Only Role of the LAPD - Therefore, the LAPD Were Not Percipient Witnesses to Probable Cause of Any of the Allegations**

The role of the LAPD was exclusively limited to transporting and booking the Defendants.  When the LAPD arrived, the Defendants were already detained and handcuffed waiting for transportation and booking.  Neither the LAPD, nor any of its officers, witnessed any of the activities/allegations contained within the First Superseding Indictment.

**B. Agents from CDCR Were the Only Percipient Witnesses to Probable Cause of the Allegations Contained in the First Superseding Indictment**

Agents from the California Department of Corrections and Rehabilitation ("CDCR") were the percipient witnesses to the purported probable cause for the arrests.  After CDCR made the arrests, CDCR first contacted the Pasadena Police

Department to transport and book the Defendants. However, the Pasadena Police Department declined to assist CDCR for reasons unknown. Next, CDCR then contacted LAPD Northeast Division ("LAPDNE"). LAPDNE declined to transport the Defendants but did offer to book the Defendants for CDCR provided that CDCR would find transportation. Later LAPD Metro Division agreed to transport the Defendants to LAPDNE. The Defendants were then booked at LAPDNE.

Despite not being a percipient witness, a Probable Cause Determination Declaration (PC Declaration) was provided to the Superior Court in 2016 and signed by LAPD Officer John Hackman of the Metropolitan Division, Crime Impact Team ("LAPD Hackman"). In the police report, which appears to have been included / attached to the PC Declaration by LAPD, Hackman clearly states that:

> *On 03/25/2016 at approximately 1100 hours we received a telephone call from the CDCR Fugitive Apprehension Team, who advised us that they had located defendants Arviso and Uribe at 3321 East Colorado Boulevard in the City of Pasadena at the Hote Le Reve. Crime Impact Team Members, Sgt. II Yzaguirre #27097, Officer's Medina #38584, Flores #37687, Hackman #38575, and I, responded to the Hotel Le Reve in Pasadena. Upon arrival we were met by CDCR Agents J. Barron. #52813, R. Jones, W. Braden, V. Carbajal, and T. Ohno. Agent Barron advised me that they had defendants Arviso, Uribe and Cobarrubias in custody. Defendants Arviso, Uribe and Cobarrubias were all transported to Northeast Station pending further investigation.*

**C.  No Reports - No Statement(s) of Probable Cause Were Provided by CDCR**

The entirety of the police report contains LAPD Hackman's interpretation of CDCR Agent J. Barron's ("CDCR Barron") statements.  Moreover, neither LAPD Hackman nor any other LAPD Officer were percipient witnesses of the facts contained in the police report written by the LAPD.

Counsel has requested a copy of the CDCR report, only to be informed that the government has no such document and no relevant document for that matter from the CDCR.

## II. CONCLUSION

Hence, no LAPD officer was a percipient witness to any probable cause, then pursuant to Fed.R.Evid. 401-403, 801-803 and 602, the Sixth Amendment Confrontation Clause, Defendants' presumption of innocence, and the fact that the hearsay-reliant testimony constitutes impermissible vouching, any and all LAPD personnel should be banned from testifying to any of the allegations.

Respectfully submitted,

DATED: December 1, 2021          By          /s/ Michael S. Devereux
                                              Michael S. Devereux
                                              Attorney for
                                              JOSE ARVISO

## MEET AND CONFER COMPLIANCE

Since Counsel has been in trial since September 21, 2021 in front of the Hon. Dolly Gee, Defendant tried to meet and conferred regarding the instant motion via email, but were unable to meet, thus necessitating the instant *motion in limine*.

Dated:  December 1, 2021                    WEXFORD LAW,

*Michael S. Devereux*
Michael S. Devereux
Attorney for Plaintiff
JOSE ARVISO