MICHAEL S. DEVEREUX, SBN 225240
**WEXFORD LAW**
9171 WILSHIRE BOULEVARD, SUITE 500
BEVERLY HILLS, CALIFORNIA 90210
TELEPHONE: (424) 444-0883

**Attorney for Defendants, JOSE ARVISO**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ARVISO,<br><br>Defendant. | Case No. CR 17-00018-CAS<br><br>**MOTION IN LIMINE TO EXCLUDE CONTRABAND**<br><br>**HON. CHRISTINA SNYDER** |

PLEASE TAKE NOTICE that Jose Arviso ("Mr. Arviso") by and through his counsel of record, Michael Devereux, respectfully moves this Court to pursuant to the Fed.R.Evid. 401, for an order excluding any evidence related to the contraband seized and contributed to Mr. Arviso. This motion is based on Fed. R. Evid.401-403, 801-803 and 901, the Sixth Amendment Confrontation Clause, Defendants' presumption of innocence, and the fact that the hearsay-reliant testimony constitutes impermissible vouching.

1

# I. THE GOVERNMENT CANNOT AUTHENTICATE THE CONTRABAND

Physical evidence must be authenticated before a court may admit it at trial. A piece of physical evidence that has not been authenticated is not relevant under Rule 401 because "evidence cannot have a tendency to make the existence of a disputed fact more or less likely if the evidence is not what which the proponent claims[.]" United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

As the Ninth Circuit has explained,

> *In other words, the party offering the evidence must make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification.*
> United States v. Gadson, 763 F3d 1189, 1203-04 (9th Cir. 2014) (internal quotation omitted).

As part of the authentication requirement, when physical evidence is "connected with the commission of a crime, the proponent must also establish the chain of custody." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991) (citing *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960)). A district court may admit items of physical evidence if the Government establishes that they are in "substantially the same condition" as when they were seized[,]" and "there is a reasonable probability the article has not been changed in important respects." Id. (internal quotations omitted).

Here, the Government cannot authenticate the alleged drugs seized by California Department of Corrections and Rehabilitation ("CDCR") on or about March 25, 2016. The package from LAPD, property number P002004933, clearly has clearly crossed out the name of Arviso and replaced it with Olivia Uribe, booking number 4617226. *See* Exhibit "A." Mr. Arviso's booking number was 4617240. Subsequently, the

2

contraband was analyzed by David Purdy on March 30, 2016.  Then on May 11, 2016, the contraband was allegedly released to the US Postal Inspector.  However, sixty days after the initial arrest, on May 25, 2016, a property report attributes the same narcotics to Mr. Arviso.

The reports and chain of custody documents produced by the Government provide no explanation for the change in custody. That discrepancy means that the Government cannot authenticate the contraband and it cannot establish chain of custody, in violation of Rule 901(a).  Moreover, the Government, for the same reasons, cannot authenticate the alleged drugs, property number P002004932, seized on the same date and also contributed to Olivia Uribe. *See* Exhibit "B."

First, the Government cannot establish a prima facie case that contraband in evidence and seized by CDCR on or about March 26, 2016 is attributed to Mr. Arviso. ***The Government has no explanation for the later discrepancy or how the contraband initially came into the possession of the LAPD***. In the absence of such an explanation, a reasonable juror could not find that the contraband was attributed to Mr. Arviso.  *See infra, §§ A-C.*

Second, the Government cannot meet its burden to show the chain of custody. CDCR allegedly seized the items and arrested the Defendants.  LAPD transported the Defendants for booking.  There is no chain of custody from CDCR to LAPD.  The Government has produced no evidence to explain what happened from the time of the seizure from CDCR to the LAPD booking.

Government cannot establish within a reasonable probability that the remaining contraband was the same contraband that was seized by CDCR. Even if they are the same, the Government cannot establish that they are in substantially the same condition as when they were seized in light of the unexplained evidence of tampering with the shipment.

## A. Transportation and Booking Were The Only Role of the LAPD - Therefore, the LAPD Were Not Percipient Witnesses to Probable Cause of Any of the Allegations

The role of the LAPD was exclusively limited to transporting and booking the Defendants. When the LAPD arrived, the Defendants were already detained and handcuffed waiting for transportation and booking. Neither the LAPD, nor any of its officers, witnessed any of the activities/allegations contained within the First Superseding Indictment.

## B. Agents from CDCR Were the Only Percipient Witnesses to Probable Cause of the Allegations Contained in the First Superseding Indictment

Agents from the California Department of Corrections and Rehabilitation ("CDCR") were the percipient witnesses to the purported probable cause for the arrests. After CDCR made the arrests, CDCR first contacted the Pasadena Police Department to transport and book the Defendants. However, the Pasadena Police Department declined to assist CDCR for reasons unknown. Next, CDCR then contacted LAPD Northeast Division ("LAPDNE"). LAPDNE declined to transport the Defendants but did offer to book the Defendants for CDCR provided that CDCR

4

would find transportation.   Later LAPD Metro Division agreed to transport the Defendants to LAPDNE.  The Defendants were then booked at LAPDNE.

Despite not being a percipient witness, a Probable Cause Determination Declaration (PC Declaration) was provided to the Superior Court in 2016 and signed by LAPD Officer John Hackman of the Metropolitan Division, Crime Impact Team ("LAPD Hackman").   In the police report, which appears to have been included / attached to the PC Declaration by LAPD, Hackman clearly states that:

> *On 03/25/2016 at approximately 1100 hours we received a telephone call from the CDCR Fugitive Apprehension Team, who advised us that they had located defendants Arviso and Uribe at 3321 East Colorado Boulevard in the City of Pasadena at the Hote Le Reve. Crime Impact Team Members, Sgt. II Yzaguirre #27097, Officer's Medina #38584, Flores #37687, Hackman #38575, and I, responded to the Hotel Le Reve in Pasadena. Upon arrival we were met by CDCR Agents J. Barron. #52813, R. Jones, W. Braden, V. Carbajal, and T. Ohno. Agent Barron advised me that they had defendants Arviso, Uribe and Cobarrubias in custody. Defendants Arviso, Uribe and Cobarrubias were all transported to Northeast Station pending further investigation.*

## C.   No Reports - No Statement(s) of Probable Cause Were Provided by CDCR

The entirety of the police report contains LAPD Hackman's interpretation of CDCR Agent J. Barron's ("CDCR Barron") statements.  Moreover, neither LAPD Hackman nor any other LAPD Officer were percipient witnesses of the facts contained in the police report written by the LAPD.

Counsel has requested a copy of the CDCR report, only to be informed that the government has no such document and no relevant document for that matter from the CDCR.

## II. CONCLUSION

Defendant respectfully requests that this Court exclude the any evidence related to the CDCR seizure on or about March 25, 2016 (including any references thereto) because the Government cannot authenticate them by establishing the chain of custody, in violation of Rule 901(a).

.

Respectfully submitted,

DATED:  December 1, 2021          By          */s/ Michael S. Devereux*

Michael S. Devereux
Attorney for
JOSE ARVISO