TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANNA P. FARIAS-EISNER (Cal. Bar No. 322791)
MARIA JHAI (Cal. Bar No. 283059)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2170 / 4138
     Facsimile: (213) 894-0141
     E-mail:    anna.farias-eisner@usdoj.gov
                maria.jhai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00018-CAS-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CONTRABAND |
| v. | |
| JOSE ARVISO, | Hearing Date: December 20, 2021<br>Hearing Time: 1:00 p.m. |
| Defendant. | Location:   Video Teleconference Before the Hon. Christina A. Snyder |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Anna P. Farias-Eisner and Maria Jhai, hereby files its Opposition to Defendant's Motion in Limine to Exclude Contraband.  (Dkt. 239.)

//

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 13, 2021          Respectfully submitted,

                                  TRACY L. WILKISON
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                   /s/ Anna Farias-Eisner
                                  ANNA P. FARIAS-EISNER
                                  MARIA JHAI
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On December 1, 2021, defendant Jose Arviso ("defendant") filed a Motion in Limine to Exclude Contraband (Dkt. No. 239, "Def. MIL No. 2").[1] The methamphetamine seized from defendant on March 25, 2016, will be properly authenticated and identified by lay and expert witnesses who will lay the proper foundation and testify to the nature and preservation of the methamphetamine, and defendant's objections are therefore premature.  Additionally, because the record is devoid of any evidence either that the methamphetamine was tampered with or to overcome the presumption that the law enforcement officers properly discharged their official duties in handling the evidence, the methamphetamine is admissible.  Defendant's motion should be denied.

**II.   STATEMENT OF FACTS**

As discussed in more detail in the government's opposition to Def. MIL No. 1, on March 25, 2016, defendant and his co-defendants, who have since plead guilty to the charged crimes, were arrested pursuant to outstanding arrest warrants.  Upon arrest, defendant was found in possession of approximately 58.165 grams of pure methamphetamine, a loaded Smith and Wesson pistol, approximately $289 in cash, a Dodger Challenger car key, and additional incriminating evidence related to the charged crimes in the First Superseding Indictment.  Defendant has already pled guilty to all charges in the First Superseding Indictment except for Count Eight: possession with

---

[1] Defendant also filed a Motion in Limine to Exclude LAPD Officers from Testifying Re: Probable Cause (Dkt. 238, "Def. MIL No. 1"), which the government opposes in a separate filing.

intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). A trial is set for January 11, 2022, against defendant for Count Eight.

### III. ARGUMENT

Defendant moves to "exclude[e] any evidence related to the contraband seized and contributed to Mr. Arviso" because defendant claims that the government "cannot authenticate the alleged drugs seized" and "cannot establish change in custody."[2] (Def. MIL No. 2, at 1, 3.)[3] Defendant's motion should be denied because the physical evidence of methamphetamine will be properly authenticated through lay and expert testimony, because his objection is premature, and because there is no evidence on the record suggesting that the chain of custody has been tampered.

**A. Lay and Expert Witnesses will Lay the Proper Foundation and Properly Authenticate the Methamphetamine**

The methamphetamine seized from defendant on March 25, 2016, will be properly authenticated and identified through lay and expert

---

[2] Defendant states that his "motion is based on Fed. R. Evid. 401-403, 801-803 and 901, the Sixth Amendment Confrontation Clause, Defendants' presumption of innocence, and the fact that the hearsay-reliant testimony constitutes impermissible vouching." (Def. MIL No. 2, at 1.) However, nowhere else in his motion does he explain how Federal Rules of Evidence 401-403 and 801-803, the Sixth Amendment Confrontation Clause, the presumption of innocence, or vouching are at all applicable to his Rule 901 motion. Accordingly, defendant fails to properly raise these arguments and his motion on these bases should be summarily denied.

[3] In Sections I(A), (B), and (C) of his motion, defendant also repeats the same arguments raised in Def. MIL No. 1, arguing to exclude LAPD officers' testimony because they are "not percipient witnesses to probable cause of any of the allegations" and claiming that the government failed to produce CDCR reports. (Def. MIL No. 2, at 4-6.) Because these arguments relate to Def. MIL No. 1, the government does not discuss them herein and opposes these arguments in its concurrently filed opposition to Def. MIL No. 1.

2

testimony at trial.[4]  Federal Rule of Evidence 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Under Rule 901(a), evidence should be admitted, despite any challenge, once the government makes a prima facie showing of authenticity or identification so "that a reasonable juror could find in favor of authenticity or identification . . . [because] the probative force of the evidence offered is, ultimately, an issue for the jury." United States v. Chu Kong Yin, 935 F.2d 990, 996 (9th Cir. 1991) (citations and internal quotation marks omitted); see also United States v. Gadson, 763 F.3d 1189, 1204 (9th Cir. 2014).

This requirement "'does not erect a particularly high hurdle,' and the proponent of the evidence is not required 'to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be.'" United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir. 2001) (citations omitted).  The authenticity of proposed exhibits may be proven by circumstantial evidence.  See United States v. King, 472 F.2d 1, 9-11 (9th Cir. 1972).  If the government makes the prima facie showing of authenticity, the Court should admit the evidence.  See Yin, 935 F.2d at 996; United States v. Black, 767 F.2d 1334, 1342 (9th Cir. 1985).

---

[4] To the extent that defendant argues to exclude any evidence (other than the methamphetamine) seized from defendant and his co-conspirators on March 25, 2016, this argument should also be denied as meritless.  As addressed in the government's opposition to Def. MIL No. 1, the evidence seized from defendant and his co-conspirators on March 25, 2016, is inextricably intertwined with the illegal conduct of possessing with intent to distribute methamphetamine and thus is admissible.

3

The credibility or probative force of the evidence offered is ultimately an issue for the trier of fact. Yin, 935 F.2d at 996.

Rule 901(b) provides specific examples but clarifies that it is "not a complete list." The examples include testimony of a witness with knowledge that the "item is what it is claimed to be," and a comparison with an authenticated specimen by an expert witness. Fed. R. Evid. 901(b)(1), (3). Authentication "can be accomplished without the direct testimony of either a custodian or percipient witness." United States v. Paulino, 13 F.3d 20, 23 (1st Cir. 1994).

Here, the government anticipates calling Los Angeles Police Department ("LAPD") Crime Impact Team ("CIT") Officer Manuel Mejia to testify as a lay witness (see Gov. Opp. to Def. MIL No. 1 regarding admissibility of lay witness testimony) that, inter alia, he seized the methamphetamine from defendant's black and purple satchel on March 25, 2016. Furthermore, the government intends to call Forensic Chemist Kimberlie Ross to provide expert testimony regarding her analysis of the drugs and her opinion that the drugs seized from defendant on March 25, 2016, consists of approximately 58.165 grams of pure methamphetamine. This evidence overcomes the low hurdle for the government establishing its prima facie case of authenticity or identification and thus the evidence is admissible under Rule 901.

**B.    The Methamphetamine has a Proper Chain of Custody**

Defendant's challenges to the chain of custody of the methamphetamine seized from defendant on March 25, 2016, are meritless. Federal Rule of Evidence 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R.

4

Evid. 901(a). Rule 901(a) only requires the government to make a prima facie showing of authenticity or identification "so that a reasonable juror could find in favor of authenticity or identification." Yin, 935 F.2d at 996 (quoting United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir. 1989) (per curiam)). Once the government meets this burden, "the credibility or probative force of the evidence offered is, ultimately, an issue for the jury." Black, 767 F.2d at 1342.

To be admitted into evidence, a physical exhibit must be in substantially the same condition as when the crime was committed. Fed. R. Evid. 901. The Court may admit the evidence if there is a "reasonable probability the article has not been changed in important respects." United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991) (quoting Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960)). Factors the Court may consider in making this determination include the nature of the item, the circumstances surrounding its preservation, and the likelihood of intermeddlers having tampered with it. Gallego, 276 F.2d at 917.

In establishing chain of custody as to an item of physical evidence, the government is "not required to call the custodian of the evidence." Harrington, 923 F.2d at 1374. Furthermore, "[t]here is no rule requiring the prosecution to produce as witnesses all persons who were in a position to come into contact with the article sought to be introduced in evidence." Gallego, 276 F.2d at 917. Rather, a presumption of regularity exists in the handling of exhibits by public officials. Id. In the absence of evidence of tampering, there is a presumption that public officers have properly discharged their official duties. Id. Therefore, to the extent that

alleged or actual gaps in the chain of custody exist, such gaps go to the weight of the evidence rather than to its admissibility. Harrington, 923 F.2d at 1374.

Here, based on the nature and preservation of the methamphetamine and the lack of any evidence suggesting it was tampered with, it is admissible. Moreover, as discussed above, the government will establish the authenticity and identification of the methamphetamine at trial through LAPD Officer Mejia's lay testimony and Forensic Chemist Ross's expert testimony. This is more than sufficient to lay the proper foundation to admit this evidence at trial.

Defendant argues that the government cannot authenticate or explain the chain of custody because the property report "has clearly crossed out the name of Arviso and replaced it with Olivia Uribe." (Def. MIL No. 2, at 2.) First, this is irrelevant to proving a "reasonable probability the article has not been changed in important respects." Gallego, 276 F.2d at 917. Regardless, the government expects that LAPD Officer John Hackman, who booked the methamphetamine into evidence, will testify that all the evidence seized on March 25, 2016, including from defendant, co-defendant Uribe, and co-defendant Cobarrubias was booked under the file name "Uribe." Defendant fails to provide any evidence contesting the nature and integrity of the methamphetamine nor to suggest that the methamphetamine was tampered with in anyway. Nor can he. The testimony will be clear that the 58.165 grams of pure methamphetamine seized from defendant's black and purple satchel were attributable only to defendant and not to the other co-defendants. Even if there were any gaps in the chain of custody (there were not), it would go

to the weight of the evidence, not to its admissibility. Accordingly, the authentication, foundation, nature, preservation, and lack of tampering with the methamphetamine establish that the chain of custody is proper, and the evidence is admissible.

### IV.  CONCLUSION

For these reasons, defendant's motion in limine should be denied.