Michael S. Devereux, SBN 225240
**WEXFORD LAW**
9171 Wilshire Boulevard, Suite 500
Beverly Hills, California 90210
Telephone: (424) 444-0883

**Attorney for Defendants, JOSE ARVISO**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE ARVISO,<br><br>　　　　Defendant. | Case No. CR 17-00018-CAS<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE CONTRABAND**<br><br>**HON. CHRISTINA SNYDER** |

## I. THE GOVERNMENT'S CONTENTION THAT THEY CAN AUTHENTICATE THE CONTRABAND IS DUBIOUS AT BEST SINCE THE CHAIN OF CUSTODY IS A TRAIN WRECK[1] BECAUSE OF MANY LAW ENFORCEMENT FAUX PAS

Here, the Government cannot authenticate the alleged drugs seized because there are too many hands involved, including but not limited to the California Department of

---

[1] Physical evidence must be authenticated before a court may admit it at trial. A piece of physical evidence that has not been authenticated is not relevant under Rule 401 because "evidence cannot have a tendency to make the existence of a disputed fact

1

Corrections and Rehabilitation ("CDCR"), the percipient witnesses and arresting officers along with sloppy police work by the Los Angeles Police Department (LAPD), who transported and booked the defendants. **<u>The discovery is devoid of any chain of custody of any contraband passed from the CDCR to the LAPD.</u>** Moreover, the LAPD refused or failed to inventory the contraband until 60 days later while it was in the possession of the USPS, thus refusing or failing to recognize that the contraband was attributed to Mr. Arviso's co-defendant.

---

more or less likely if the evidence is not what which the proponent claims[.]" United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

As the Ninth Circuit has explained,

> *In other words, the party offering the evidence must make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification.*
> *United States v. Gadson*, 763 F3d 1189, 1203-04 (9th Cir. 2014) (internal quotation omitted).

As part of the authentication requirement, when physical evidence is "connected with the commission of a crime, the proponent must also establish the chain of custody." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991) (citing *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960)). A district court may admit items of physical evidence if the Government establishes that they are in "substantially the same condition" as when they were seized[,]" and "there is a reasonable probability the article has not been changed in important respects." Id. (internal quotations omitted).

On or about mid-morning on March 25, 2016. CDCR arrested the defendants in Pasadena. The CDCR called neighboring law enforcement agencies to transport and book the defendants but many agencies declined.  LAPD Northeast (LAPD NE) offered to book the defendants if CDCR could find transportation.  Around 11 am, CDCR contacted the LAPD Metro (Metro) (*See* Exhibit "A," p. USAO_00194) who offered to transport the defendants to LAPD NE.  The defendants arrived to LAPD NE at approximately 1425 (*Id*., p. USAO_00205) and were booked before midnight. *Id*., p. USAO_00187.

***There is a complete dearth of evidence of any documentation in regard to the chain of custody from the CDCR, the law enforcement agency that initially seized the evidence to the LAPD.  The defense has made several informal discovery requests, only to be told that this is all the discovery that the prosecution has in its possession.***

The contraband appears to have been properly packaged <u>days later</u> on March 28, 2016.  In addition, the package, property number P002004933, clearly has clearly crossed out the name of Arviso and replaced it with co-defendant Olivia Uribe, booking number 4617226. *See* Exhibit "B."  Subsequently, the package was analyzed by David Purdy on March 30, 2016. *Id.*

Then on May 11, 2016, the US Postal Inspector requested the contraband for inspection.  Per USPIS Kimberly Ross, Senior Forensic Chemist, the contraband was <u>received by the USPIS on May 12, 2016</u>. *See* Exhibit "C."  <u>The contraband was tested in August and returned after the test.</u> *Id*.

<u>While the contraband was out being tested, and 60 days after the seizure</u> on May 25, 2016, the LAPD decided to <u>inventory the property</u>.  *See* Property Report, Exhibit "A," p. USAO_00198.  Later on the same date, it appears that a receipt was created for the property. *Id.,* p. USAO_00200.

Counsel has requested a copy of the CDCR report, only to be informed that the government has no such document and no relevant document for that matter from

3

the CDCR. In addition, there are no notes from any other law enforcement agency explaining the government's faux pas in its chain of custody.

## II. CONCLUSION

Defendant respectfully requests that this Court exclude the any evidence related to the CDCR seizure on or about March 25, 2016 (including any references thereto) because the Government cannot authenticate them by establishing the chain of custody, in violation of Rule 901(a).

.

Respectfully submitted,

DATED: December 16, 2021      By      */s/ Michael S. Devereux*

Michael S. Devereux
Attorney for
JOSE ARVISO