TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANNA P. FARIAS-EISNER (Cal. Bar No. 322791)
MARIA JHAI (Cal. Bar No. 283059)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2170/4138
     Facsimile: (213) 894-0141
     E-mail:    anna.farias-eisner@usdoj.gov
                maria.jhai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00018-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOSE ARVISO, | |
| Defendant. | **CURRENT TRIAL DATE:    1/11/22**<br>**PROPOSED TRIAL DATE:   1/25/22**<br><br>**CURRENT HEARING DATE:  1/05/22**<br>**PROPOSED HEARING DATE: 1/11/22** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Anna P. Farias-Eisner and Maria Jhai, hereby applies for an order to continue the date for trial from January 11, 2022 to January 25, 2022, and to continue the evidentiary hearing current scheduled for January 5, 2022 to January 11, 2022, and for findings that the time period from

1

January 11, 2022 to January 25, 2022 is excludable time under the Speedy Trial Act.

Defendant Jose Arviso, by and through his counsel of record, Michael Devereux, opposes this application.

The government's application is based on the files and records in this case and such further evidence and argument as the Court may permit.

Dated: January 1, 2022          Respectfully submitted,

                                                TRACY L. WILKISON
                                                United States Attorney

                                                SCOTT M. GARRINGER
                                                Assistant United States Attorney
                                                Chief, Criminal Division

                                                  */s/ Maria Jhai*
                                                MARIA JHAI
                                                ANNA P. FARIAS-EISNER
                                                Assistant United States Attorneys

                                                Attorneys for Plaintiff
                                                UNITED STATES OF AMERICA

**DECLARATION OF MARIA JHAI**

I, Maria Jhai, declare, as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am licensed to practice law in the State of California and am admitted to practice in this Court. I represent the government in this matter.

2. The Indictment in this case was filed on January 13, 2017. A first superseding indictment was filed June 4, 2019.

3. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 17, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial of defendant commence on or before July 26, 2017.

4. The Court has previously continued the trial date in this matter from July 11, 2017, to January 11, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. Defendant is detained pending trial. The parties estimate that trial will last 2-3 days. Defendant's co-defendants have pleaded guilty.

6. On August 31, 2021, the Court set the current trial date of January 11, 2022. On December 20, 2021, the Court set an evidentiary hearing date of January 5, 2022. By the government's calculation, the Speedy Trial Act presently requires that defendant's trial commence on or before January 26, 2022.

7. With this application, the government moves to continue the trial date to January 25, 2022 and the evidentiary hearing date to January 11, 2022. The requested continuance is within the time

period allowed under the Speedy Trial Act and thus may be granted without implicating defendant's Speedy Trial Act rights.

8. The government, however, requests that the Court make findings of excludable time under the Speedy Trial Act. The government requests the continuance in light of the following facts which the government believes demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 371 (conspiracy) (Count One); 18 U.S.C. § 1029(a)(3) (possession of 15 or more counterfeit and unauthorized access devices (Count Two); 18 U.S.C. § 1029(a)(1) (production, use, and trafficking of counterfeit access devices)(Count Three); 18 U.S.C. § 1029(a)(4) (illegal possession of device making equipment) (Count Four); 18 U.S.C. § 1028A (aggravated identity theft) (Counts Five and Six); 18 U.S.C. § 1708 (theft and possession of stolen mail) (Count Seven); 21 U.S.C. § 841(a)(1), (b)(1)(A) (possession with intent to distribute methamphetamine) (Count Eight), and 18 U.S.C. § 922(g) (felon-in-possession of a firearm) (Count Nine). On November 20, 2020, defendant pleaded guilty to all but one of these charges (possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)). A jury trial on the remaining count is set for January 11, 2022.

    b. On December 1, 2021, defendant filed motions *in limine* to (1) exclude testimony of non-percipient witnesses and (2) exclude evidence of contraband. (Dkt. Nos. 238, 239.) The motions remain pending before this Court, and are scheduled to be heard at an evidentiary hearing currently scheduled for January 5, 2022.

   c. On December 29, 2021, the government learned that an essential government witness has contracted the COVID-19 virus and is presently symptomatic.  Under the witness's employer's protocols, the witness is required to quarantine through at least January 2, 2022, at which point release from or continuation of quarantine will be evaluated.  This witness is expected to testify both at trial and at the evidentiary hearing on defendant's motions in limine regarding his direct participation in the seizure of the methamphetamine that defendant is charged with possessing, including specifically that this witness is the law enforcement officer who searched defendant's car and found the methamphetamine, as well as a firearm and other contraband.

   d. In light of this witness's illness and the highly contagious nature of COVID-19, the government believes that a brief continuance is appropriate to ensure that the witness is fully recovered when called upon to give testimony, and -- for the health and safety of jurors, the defendant, and court personnel -- that the witness is non-symptomatic and non-contagious at the time of trial.

   e. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  9. Thus, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the government believes that the time period of January 11, 2022 to January 25, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A)(h) and (7)(B)(i) because the delay results from a

5

continuance granted by the Court on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

10. The government likewise believes that the time period of January 11, 2022 to January 25, 2022 should be excluded pursuant to 18 U.S.C. § 3161(h)(3)(A) because the delay results from the absence or unavailability of an essential witness, that is the law enforcement witness who is unavailable due to COVID-19.

11. The government further believes that the time period of December 1, 2021 to January 25, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

12. Thus, based on the foregoing, the government requests the Court continue the evidentiary hearing in this case from January 5, 2022 to January 11, 2022, and the trial date from January 11, 2022 to January 25, 2022, and enter a case-specific order finding excludable time under 18 U.S.C. §§ 3161(h)(7)(A)(h), (7)(B)(i), (h)(3)(A), and (h)(1)(D). Nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

13. On December 30, 2021, I communicated with the Court and defense counsel by email regarding the government's proposal to continue the evidentiary hearing and trial date as discussed herein,

6

and I followed that communication with a proposed stipulation to continue the dates.  On December 31, 2021, defense counsel responded by email that his client objects to the continuance.

I declare, under penalty of perjury and the laws of the United States of America, that the forgoing is true and correct.

Executed this 1st day of January 2022, in Los Angeles, California.

*/s/ Maria Jhai*
MARIA JHAI