UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-CR-00018-CAS-1 | Date | January 20, 2022 |
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Maria Jhai, Not Present<br>Anna Farias-Eisner, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Deft: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jose Arviso | Not | X | | Michael Devereux | Not | | X |

**Proceedings:** (IN CHAMBERS) - ORDER ON DEFENDANT'S MOTIONS IN LIMINE (Dkts. 238, 239, filed on December 1, 2021)

## I. INTRODUCTION

On March 25, 2016, a criminal complaint was filed against defendant Jose Arviso, along with two co-defendants, Matthew Cobarrubias and Olivia Uribe, for knowingly and intentionally conspiring to possess fifteen or more counterfeit and unauthorized access devices, and engaging in conduct in furtherance of that event under 18 U.S.C. § 1029(b)(2). Dkt. 1 ("Compl.") at 1. Defendant Arviso was also arrested for knowingly and intentionally possessing with intent to distribute at least 50 grams of actual methamphetamine, a Schedule II controlled substance under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). Id. Subsequent investigation led to the arrest of co-defendant Frank Hooper. Id. at 13.

On January 13, 2017, Arviso and his three co-defendants were charged in a nineteen-count indictment with conspiracy (18 U.S.C. § 371), theft of mail and possession of stolen mail (18 U.S.C. § 1708), illegal transactions with access devices (18 U.S.C. § 1029(a)(5)), aggravated identity theft (18 U.S.C. § 1028A(a)(1)), possession of fifteen or more counterfeit or unauthorized access devices (18 U.S.C. § 1029(a)(3)), production, use, and trafficking of counterfeit access devices (18 U.S.C. § 1029(a)(1)), illegal possession of device-making equipment (18 U.S.C. § 1029(a)(4)), possession of counterfeit postal key (18 U.S.C. § 1704), possession with intent to distribute methamphetamine (21 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL                                'O'

§§ 841(a)(1), (b)(1)(A)(viii)), felon in possession of a firearm and ammunition (18 U.S.C. § 922(g)(1)), and aiding and abetting (18 U.S.C. § 2(a)).  Dkt. 8.  The three co-defendants pleaded guilty and have since been sentenced.  Dkt. 88, 91, 99, 112, 113, 114, 118, 129, 130, 143, 155, 156.

On June 4, 2019, the First Superseding Indictment was filed against Arviso, charging him with nine counts: (1) conspiracy (18 U.S.C. § 371); (2) possession of fifteen or more counterfeit or unauthorized access devices (18 U.S.C. § 1029(a)(3)); (3) production, use, and trafficking of counterfeit access devices (18 U.S.C. § 1029(a)(1)) and aiding and abetting (18 U.S.C. § 2(a)); (4) illegal possession of device-making equipment (18 U.S.C. § 1029(a)(4)) and aiding and abetting (18 U.S.C. § 2(a)); (5) aggravated identity theft (18 U.S.C. § 1028A(a)(1)) and aiding and abetting (18 U.S.C. § 2(a)); (6) aggravated identity theft (18 U.S.C. § 1028A(a)(1)); (7) theft of mail and possession of stolen mail (18 U.S.C. § 1708) and aiding and abetting (18 U.S.C. § 2(a)); (8) possession with intent to distribute methamphetamine (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)); and (9) felon in possession of a firearm and ammunition (18 U.S.C. § 922(g)(1)).  Dkt. 166.  Defendant pleaded guilty to all counts in the First Superseding Indictment, except for the drug charge in Count Eight.  Dkt. 207.  A trial is set on Count Eight.  Dkt. 236.

On December 1, 2021, Arviso filed two motions in limine ("MILs").  The first MIL seeks to exclude Los Angeles Police Department ("LAPD") officers from testifying regarding probable cause to arrest.  Dkt. 238 ("MIL No. 1").  The second MIL seeks to exclude evidence.  Dkt. 239 ("MIL No. 2").  On December 13, 2021, the government filed oppositions to both of defendant's motions in limine.  Dkt. 242 ("Opp. No. 1"), Dkt. 243 ("Opp. No. 2.").  On December 17, 2021, Arviso replied to the government's oppositions.  Dkt. 245 ("Reply No. 1") and Dkt. 246 ("Reply No. 2").

On January 11, 2022, the Court held an evidentiary hearing on chain of custody of the methamphetamine.  Dkt. 256.  On January 14, 2022, both parties filed post-hearing briefs regarding defendant's motion in limine to exclude evidence.  Dkt. 258 ("Def. Post-Hearing Brief"); dkt. 259 ("Gov't. Post-Hearing Brief").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                                       **'O'**

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

On March 25, 2016, defendant Arviso was arrested pursuant to an outstanding felony arrest warrant. Compl. at 7. The LAPD Crime Impact Team ("CIT") located defendant, and his two co-defendants Uribe and Cobarrubias, at the Hotel Le Reve in Pasadena, California. Id. The LAPD CIT, joined by the California Department of Corrections and Rehabilitation ("CDCR") Fugitive Apprehension Team, arrested defendants. Id. When CDCR agents arrived at the hotel, they observed defendants carrying belongings from room 122 to room 211. Id. CDCR Agent Jesus Barron saw Arviso carrying a black and purple satchel and a black camera bag as he left the hotel, walked to the parking lot, and entered the driver's side of a black Dodge Challenger. Id. at 7–8.

The CDCR Fugitive Apprehension Team approached and arrested Arviso. Id. at 8. CDCR Agent Barron observed the small black and purple satchel that defendant was carrying shortly prior to arrest sitting on the front driver's seat. Id. at 8. The satchel was open and CDCR Agent Barron saw three clear plastic baggies containing a crystal-like substance, which was later tested and found to be methamphetamine. Id. Also inside the satchel, agents recovered 27 credit and debit cards and four identification or driver's license cards in names other than defendant's or co-defendant's names. Id. at 8–9.

CDCR agents and LAPD officers searched Arviso's black Dodge challenger following his arrest. Id. at 9. During the search of defendant's car, LAPD Officer Manuel Mejia seized the methamphetamine from defendant's black and purple satchel sitting on the front driver's seat. Id. at 13–14. Officer Mejia also recovered a Smith and Wesson MP 9mm handgun from underneath the floor mat at the foot of the driver's seat. Id. at 9.

Defendant was also holding a black plastic clipboard with a storage compartment in his hands upon his arrest. Id. at 8. The clipboard contained approximately 13 pieces of U.S. mail, 51 checks, and three money orders in names that did not belong to defendant or co-defendants. Id. CDCR agents also seized additional items from defendant's person, including a California identification card

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                    'O'

in a name other than defendant's or co-defendant's, a hotel room key for room 122 at Hotel Le Reve, a key for the black Dodge Challenger, and approximately $289 in cash. Id. at 9.

Upon searching rooms 122 and 211 of Hotel Le Reve, LAPD officers found U.S. mail, over 100 credit and debits cards, identification cards, and passports in names other than defendants' names. Id. at 12–13. Also in the hotel rooms, officers found papers containing "profiles" of additional potential victims, including personal identifying information such as names, dates of birth, and social security numbers. Id. at 13. Agents and officers also seized digital devices from the three defendants during their arrests. Id. at 9–13.

### III.  LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." Bullard v. Wastequip Mfg. Co. LLC, No. 14-CV-01309-MMM (SSx), 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015).

"Trial courts have broad discretion when ruling on motions in limine." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-CV-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017). Such rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (internal citation omitted).

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                         'O'

IV.   **DEFENDANT'S MOTIONS IN LIMINE**

   A.   **Defendant's MIL No. 1**

Defendant moves the Court to exclude potential trial testimony of LAPD officers regarding probable cause. MIL No. 1 at 1.[1] Defendant argues that the role of the LAPD was exclusively limited to transporting and booking defendants, because when the LAPD arrived at the scene, the defendants were already detained and handcuffed and were waiting for transportation and booking. Id. at 2. Therefore, defendant contends that the LAPD officers did not have personal knowledge regarding probable cause for the arrests. Id.

Additionally, defendant moves the Court to limit LAPD officers' testimony about probable cause to arrest, arguing the testimony is hearsay. Id. Defendant notes that the relevant LAPD officers were not percipient witnesses to what other

---

[1]   Defendant states that the Court should exclude the potential trial testimony based on Fed. R. Evid. 401, 402, 403, 801, 802, 803, 602, and the Sixth Amendment Confrontation Clause. Id. However, defendant only makes admissibility arguments related to Fed. R. Evid. 602 and 801. As such, the Court only addresses those arguments.

Further, defendant notes in the introduction of his motion that he seeks to exclude potential trial testimony from LAPD officers related to the nine different counts in the First Superseding Indictment. MIL No. 1 at 1. However, defendant fails to provide an explanation or basis to support this argument. The government notes that this evidence fails because the evidence related to the other counts in the First Superseding Indictment is inextricably intertwined with Arviso's charge of possession with intent to distribute methamphetamine. Opp. No. 1 at 6.; see also United States v. Daly, 974 F.2d 1215, 1217 (9th Cir. 1992) (per curiam) ("[E]vidence concerning other acts that are inextricably intertwined with the charged acts may be admitted . . . to put [defendant's] illegal conduct into context and to rebut his [defenses]."). Further, to the extent that defendant argues that the Court should suppress this evidence, defendant has already pleaded guilty to all counts in the First Superseding Indictment, except for the drug charge in Count Eight, which is currently at issue. Dkt. 207.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

LAPD employees documented in the police reports, and as such their statements are hearsay. Id. at 1. Defendant states that despite not being percipient witnesses, LAPD Officer John Hackman provided the Superior Court with a Probable Cause Declaration in 2016. Id. at 3. The Probable Cause Declaration states:

> On 03/25/2016 at approximately 1100 hours we received a telephone call from the CDCR Fugitive Apprehension Team, who advised us that they had located defendants Arviso and Uribe at 3321 East Colorado Boulevard in the City of Pasadena at the Hotel Le Reve. Crime Impact Team Members, Sgt. II Yzaguirre #27097, Officer's Medina #38584, Flores #37687, Hackman #38575, and I, responded to the Hotel Le Reve in Pasadena. Upon arrival we were met by CDCR Agents J. Barron. #52813, R. Jones, W. Braden, V. Carbajal, and T. Ohno. Agent Barron advised me that they had defendants Arviso, Uribe and Cobarrubias in custody. Defendants Arviso, Uribe and Cobarrubias were all transported to Northeast Station pending further investigation.

> Id. at 3.

Defendant argues this statement contains only LAPD Officer Hackman's interpretation of CRCD Barron's statements and should thus be inadmissible as hearsay.[2]

The government responds that the LAPD officers may testify based on personal knowledge, and that the officers will not testify based on hearsay. Opp. No. 1 at 10. The government notes that defendant fails to provide any explanation or support for his argument. Id. The government notes that the LAPD officers' testimony is based on personal knowledge and therefore is not hearsay. Id. The government states that the officers and agents it plans to call were present during the execution of the arrest warrant on March 25, 2016, and thus it is squarely within Federal Rule of Evidence 602 that each may testify to his personal knowledge and experience with the investigation. Id. at 9.

---

[2] Defendant does not explain whether he is asking the Court to exclude future testimony regarding the Probable Cause Declaration or asking the Court to exclude the Probable Cause Declaration itself.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES – GENERAL        'O'

Further, the government responds that it does not intend to elicit hearsay or call any witnesses to testify about matters that they did not personally see. Id. As such, the government will not have LAPD Officer Hackman testify about anything he did not see. Id. However, the government notes that if defendant cross-examines an LAPD officer to suggest there was no basis to arrest defendant, the officer on re-direct is permitted to explain why the defendant was arrested, including that another officer personally saw defendant with methamphetamine. See Fed. R. Evid. 801(c).

Defendant replies that the government's opposition is without merit because it ignores defendant's rights under the Sixth Amendment Confrontation Clause. Reply No. 1 at 2. Defendant contends that he is being deprived of his Sixth Amendment right to confront witnesses against him because the government is introducing testimony from LAPD personnel whose only role was to transport and book Arviso. Id.

Under Federal Rule of Evidence ("Rule") 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Here, the government has agreed that the officers they call as witnesses will only testify to any events establishing probable cause to which they have personal knowledge. Accordingly, the motion in limine is moot on this ground.

Under Rule 801, a statement that a party offers in evidence to prove the truth of the matter asserted in the statement that the declarant does not make while testifying at the current trial or hearing is inadmissible as hearsay unless it falls into one of the exemptions or exemptions listed under the Federal Rules of Evidence. Fed. R. Evid. 801. Here, the government has asserted that it will not elicit hearsay or call any witnesses to describe events they did not personally see. Opp. No. 1. The government further asserts that any information in the Probable Cause Declaration that defendant alleges is hearsay will only be used for non-hearsay purposes and not for the truth of the matter. Fed. R. Evid. 801.

Additionally, because there is no indication that the law enforcement officers who made the statements will be unavailable to testify at trial—and as such defendant will have the opportunity to cross-examine them—there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMENAL MINUTES – GENERAL**  'O'

confrontation clause violation.  See Crawford v. Washington, 541 U.S. 36 (2004).  Further, the confrontation clause does not apply to any non-hearsay statements.  Id.  If necessary, the Court can issue limiting instructions. Accordingly, defendant's motion in limine is moot on this ground.

B.     Defendant's MIL No. 2

Next, defendant moves the Court to exclude the contraband seized and contributed to Arviso.  MIL No. 2 at 1.[3]

Physical evidence must be authenticated before a Court may admit it at trial.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  The Ninth Circuit has held that "[t]he party offering the evidence must make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification."  United States v. Gadson, 763 F.3d 1189, 1203-04 (9th Cir. 2014) (internal citations omitted).

Further, the Court may admit physical evidence if there is a "reasonable probability the article has not been changed in important respects." United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991) (quoting Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960)).  Factors the Court may consider in making this determination include the nature of the item, the circumstances surrounding its preservation, and the likelihood of intermeddlers having tampered with it.  Gallego, 276 F.2d at 917.

In his motion in limine, defendant argues that the government cannot authenticate the drugs seized on March 25, 2016.  MIL No. 2 at 2.  On January 11, 2022, the Court held a chain of custody hearing in which the government called witnesses to testify to the authenticity and preservation of the methamphetamine,

---

[3] Defendant states that the Court should exclude any evidence related to the contraband seized based on Fed. R. Evid. 401, 402, 403, 801, 802, 803, 901, and the Six Amendment Confrontation Clause.  Id.  However, defendant only makes arguments related to Fed. R. Evid. 401 and 901.  As such, the Court only addresses those arguments.

in response to defendant's allegations. Dkt. 256. During the hearing, the government called the following witnesses: (1) LAPD Sergeant Miguel Mejia; (2) LAPD Sergeant Jaime Flores (3) LAPD Officer John Hackman; (4) United States Postal Inspection Service ("USPIS") Postal Inspector Wilford Claiborne; (5) USPIS Senior Forensic Chemist Kimberlie Ross. Id.

The government addressed defendant's challenges to the authenticity of the contraband during the hearing. First, defendant contends there is a gap in the chain of custody from the CDCR, the agency that defendant argues initially seized the evidence, to the LAPD, the agency that transported and booked defendant. Reply No. 2 at 2. In response, during the hearing Officer Mejia testified that the CDCR never took custody of the drugs, and the drugs remained in the Dodge Challenger inside defendant's purple and black satchel until the LAPD seized them. Dkt. 256.

Second, defendant argues that the LAPD failed to inventory the contraband until 60 days after it was seized on "05-25-2016." Reply No. 2 at 2; see also dkt. 357 Ex. 4 at 014 ("Property Report"). In response, both Officer Hackman and Officer Mejia testified that the date on the Property Report was mistyped and the "05," representing May, should read "03," representing March. Property Report at 014; Gov't Post-Hearing Brief at 5. Both officers testified that a report must be written before the drugs are booked into evidence. Id. The records shows that the contraband was booked into evidence on March 26, 2016, stamped on March 29, 2016, and signed out by the forensic analyst on March 30, 2016. Property Report at 012-019. Therefore, the record corroborates the officers' testimony that the "05" is an error, and the evidence was inventoried in March, not May. Id.

Third, defendant argues that the name "Uribe" on the evidence envelop shows that the drugs were not recovered from Arviso, but rather his co-defendant Uribe. Reply No. 2 at 2. Defendant contends that the packages from LAPD, property numbers P002004933 and P002004932, have Arviso's name crossed out and replaced with Uribe's name, booking number 4617226. See Exs. A, B. In response, at the hearing, Officer Mejia and Officer Hackman testified that when multiple defendants are arrested, all evidence seized is booked under one defendant's name regardless of from whom the evidence was seized. Gov't Post-Hearing Brief at 7. Further, Officer Hackman, who booked the methamphetamine into evidence, testified that all the evidence seized on March 25, 2016, including evidence from Arviso, co-defendant Uribe, and co-defendant Cobarrubias, was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**             'O'

booked under the file name "Uribe."  Id.; see Property Report at 008.  Accordingly, the testimony and evidence support the government's position that the contraband at issue was seized from Arviso.

Moreover, the LAPD officers' testimony at the hearing established that there was no interruption in the chain of custody from the time of the contraband's seizure by Officer Mejia to the time of its delivery at the LAPD Property Division. Dkt. 256.  Officer Mejia testified that he seized the baggies of methamphetamine from the Challenger, placed the baggies in the locked trunk of his car, and drove the drugs to the LAPD Northeast station where he was present while the narcotics were processed for booking.  Id.  Officer Flores testified that he recalls he was assigned to watch the Dodge Challenger, while the other officers entered the hotel room and took defendant into custody.  Id.  Officer Mejia and Officer Hackman testified that they then delivered the drugs to the LAPD Property Division, where the drugs remained until March 30, 2016, when they were briefly checked out by the LAPD Forensic Analyst, who tested and then returned them.  Id.

The drugs then again remained at the LAPD Property Division until May 11, 2016, when they were released to USPIS custody.  Id.  Postal Inspector Claiborne testified that he received the contraband on May 11, 2016, and then mailed the contraband to the lab on the same day.  Id.  The United States Postal Inspection Service Evidence Tracking History Report, Hearing Ex. 16, shows that the evidence was received by the lab on May 12, 2016.  According to the tracking report, USPIS Forensic Chemist Ross took possession of and tested the drugs on June 10, 2016.  Hearing Ex. 16.  Defendant does not allege any tampering or material alteration in connection with the USPIS's possession of the contraband. Gov. Post-Hearing Brief at 4.  Because defendant does not dispute that from May 11, 2016 onward, USPIS had custody of the contraband, defendant appears to be implicitly acknowledging that the drugs were in the possession of USPIS on May 25, 2016, the day he argues the drugs must have been delivered to the LAPD Property Division by Officers Mejia and Hackman.[4]  The fact that defendant does not dispute that the USPIS was in possession of the drugs on May 25, 2016,

---

[4] It appears from the USPIS Evidence Tracking History Report that the USPIS is still currently in possession of the methamphetamine, with the last logged entry dated September 29, 2020, by Postal Inspector Claiborne.  Hearing Ex. 15 at 003.

supports the government's position that the date of "05-25-16" on the property report was in error.

Further, testimony at the hearing established that the methamphetamine is in substantially the same condition now as it was when it was seized. Fed. R. Evid. 901. Officers Mejia, Flores, and Hackman testified that the methamphetamine was in substantially the same condition when delivered to the LAPD Property Division as it was when seized from the Dodge Challenger. Dkt. 256. Moreover, Postal Inspector Claiborne testified that the drugs he received from the LAPD appeared to be in the same condition as the drugs shown in Exhibit 2, a photograph taken on the day of defendant's arrest. Dkt. 256 Ex. 2.

As such, the government has met the low threshold for admissibility of the contraband at trial. Fed. R. Civ. P. 901(a); see also United States v. Chu Kong Yin, 935 F.2d 990, 996 (9th Cir. 1991). Defendant's critique of typographical errors on the Property Report may be a basis for cross-examination at trial going to the weight of the evidence, but it does not constitute grounds for exclusion of the evidence. Id. (noting that once a party has made a prima facie showing of authenticity, the Court should admit the evidence and the probative force of the evidence becomes an issue for the jury).

## V. CONCLUSION

In accordance with the foregoing, defendant's Motion in Limine No. 1 is **MOOT**. The Court **DENIES** defendant's Motion in Limine No. 2.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |